UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| V. : | 1::20CR00003-001 |
| : | |
| HERBERT J. RODAS : | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant, Herbert J. Rodas, by and through counsel, submits this memorandum to aid the Court with imposing a sentence that is "sufficient, but not greater than necessary" to achieve the statutory sentencing purposes of 18 U.S.C. § 3553 (a).  For the reasons below, counsel for Mr. Rodas requests a sentence of 60 months to serve followed by 3 years of supervised release along with any other conditions deemed appropriate by the Court.

**I. BACKGROUND**

In January of 2019, Mr. Rodas and a 13-year-old female from Winnipeg, Canada, began communicating with each other online.  PSI ¶9.  The female initially identified herself as a 15-year-old; Mr. Rodas represented himself to be a 23-year-old male.  PSI ¶9.  The chatting quickly turned sexual and the parties exchanged sexually explicit photographs and videos of each other.  PSI ¶9.  Within approximately a month of this online relationship, the female told Mr. Rodas she was 13 years old and Mr. Rodas responded that he was 22 years old.  PSI ¶10.  The parties continued to chat via various social network platforms, engage in sexual discussions and exchange sexually explicit images and videos.  PSI ¶10, 11.

A few months later, the parties decided to meet.  On April 25, 2019, Mr. Rodas flew to Canada and reserved a room at a Super 8 motel.  PSI¶12.  Mr. Rodas used his full name, credit card and the email address for the reservation.  PSI¶12.  During the next three days, the parties

met and engaged in sexual intercourse. PSI¶12.  They also took selfies of each other as well as a picture holding hands in a car.  PSI¶13.  After returning home, Mr. Rodas tried to continue communicating but she did not respond.  PSI¶14. Mr. Rodas threatened to reveal their relationship to the female's mother and the female's boyfriend.  PSI¶15.  He later apologized for this behavior and asked her for forgiveness.  PSI¶15.

On July 11, 2019, Mr. Rodas was arrested by members of the Department of Homeland Security Investigations (HSI).  Mr. Rodas cooperated with investigators and fully admitted to his conduct.  PSI¶16, 17.

Mr. Rodas was initially charged by the way of criminal complaint with Transferring Obscene Material to a Minor in violation of 18 U.S.C. §1470; Enticing a minor to engage in illicit sexual activity in violation of 11 U.S.C. § 2422(b); and Travel with Intent to Engage in Illicit Sexual Conduct in violation of 11 U.S.C. § 2423(b).   He initially appeared before the Court on July 11, 2019 and was released on $50,000 unsecured bond with conditions including pretrial services supervision, GPS monitoring and multiple restrictions.

On January 14, 2020, the government filed a three-count criminal information charging with Count 1, Engaging in Illicit Sexual Conduct in Foreign Places in violation of 18 U.S.C. § 2423(c);  Count 2,  Transfer of Obscene Material to a Minor in violation of 18 U.S.C. § 1470 and Count 3 Receipt of Child Pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1).  On January 24, 2020, Mr. Rodas appeared for both an arraignment and a change of plea hearing.  He waived indictment and pleaded guilty to the three count information.  The Court accepted his plea and adjudged him guilty.  Mr. Rodas is currently scheduled to appear for sentencing on March 10, 2021.

## II. <u>ADVISORY GUIDELINE RANGE</u>

Probation issued its final presentence report (PSR) related to this case on June 16, 2020. Counsel for Mr. Rodas has no objections to the final PSR. Mr. Rodas' advisory sentencing guidelines range is 97 to 121 months. This range is based upon a Criminal History Category I and a Total Offense Level of 23. PSR ¶ 79.

## III. <u>SENTECING FACTORS AND CONSIDERATION</u>

The District Court is required to fashion a sentence that is "sufficient, but not greater than necessary" to achieve the statutory purposes of 18 U.S.C. § 3553 (a). *United States v. Booker*, 543 U.S. 220 (2005). Sentencing should begin with a calculation of the applicable sentencing guidelines range. *Gall v. United States*, 128 S. Ct. 586, 596 (2007) (*citing Rita v. United States*, 127 S. Ct. 2456, 2480 (2007)). The guidelines calculation is a starting point and an initial benchmark for the Court to consider, however, it is not the only sentencing consideration. *Id.*

A Court may not presume the guidelines range is reasonable but must make an individualized assessment of each defendant based upon the facts presented in each case. *Gall,* 128 S. Ct. at 597. After both parties are afforded an opportunity to argue for whatever sentence they deem appropriate, the Court must then consider the factors[1] of 18 U.S.C. § 3553 (a) to determine the most appropriate sentence in the instant case. *Id.*

---

[1] To determine an appropriate sentence that is sufficient, but not greater than necessary, the Court shall consider the following:
    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
    (2) the need for the sentence imposed:
        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
        (B) to afford adequate deterrence to criminal conduct;
        (C) to protect the public from further crimes of the defendant; and
        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
    (3) the kinds of sentences available;
    (4) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines;

In support of its sentencing recommendation, counsel for Mr. Rodas ask the Court to consider the following information.

**A. <u>Family</u>**

Mr. Rodas was raised in a loving, close knit family. He is the son of Herbert and Mildred Rodas, both of whom are immigrants from Guatemala. He grew up in a church-oriented family where the family faithfully attended church twice a week. Mr. Rodas' father was co-pastor of their church. His mother is involved in various woman's groups. Mr. Rodas and his older brother, Wesley, were actively involved in their church. Together they traveled throughout the United States as worship leaders, playing instruments in the church band. As the numerous letters of support attest, Mr. Rodas is fortunate to have such a solid support network of family and friends who will be there to support and assist him with his transition back into the community upon his release from incarceration.

When Mr. Rodas was 9 years old, his father was deported to Guatemala. Due to financial pressures, Mr. Rodas and Wesley moved to Guatemala to live with their father and his family. For the next year, they attended school and church in Guatemala. Upon returning to the United States at the age of 11, Mr. Rodas and his brother helped to raise one another because their mother was busy working multiple jobs to support the family. The family was re-united in 2010 when their father re-entered the United States.

---

(5) any pertinent policy statement issued by the Sentencing Commission;
(6) the need to avoid unwarranted sentence disparities among the defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553 (a).

### B. Education

Mr. Rodas graduated from high school in 2014. Thereafter, he received an Associate in Arts diploma from the Community College of Rhode Island. He furthered his education by obtaining a bachelor's degree in finance from Rhode Island College. Accordingly, Mr. Rodas has all the necessary tools to lead a productive and law-abiding life once released from incarceration.

### C. Work History

Mr. Rodas has always demonstrated a solid work ethic. At the time of his arrest, Mr. Rodas worked as a financial analyst for CVS Pharmacy in Cumberland, Rhode Island. He has worked for CVS Pharmacy since July 15, 2019.[2] Previously, Mr. Rodas worked as a payroll specialist for United National Foods in Lincoln, Rhode Island. Aside from the above, Mr. Rodas has held other meaningful forms of employment. For instance, he worked for Glow Integrated Maintenance Service, in Pawtucket, Rhode Island; and Stop & Shop Supermarket. Mr. Rodas' strong work history assures his employability upon release from incarceration.

### D. Criminal History and Post Arrest Conduct

Mr. Rodas has no criminal history [3] and stands before the Court as a true, first-time offender. At the time of his arrest, Mr. Rodas cooperated with law enforcement agents and gave a complete and truthful statement as to his actions in this matter. Upon release on bail, Mr. Rodas has been fully compliant with all conditions of his pre-trial release. Mr. Rodas promptly

---

[2] PSR, ¶.72
[3] PSR, ¶.55

signed a plea agreement with the government on January 24, 2020[4] and appeared before this Court to change his plea on January 24, 2020.

In addition to his strict compliance with all of the bail conditions for nearly two years, Mr. Rodas has faithfully attended over thirty counseling sessions with Myles Glatter, ACSW, LICSW, a specialist in sex offender treatment. There can be no doubt that Mr. Rodas' cooperation with law enforcement, acceptance of responsibility, compliance with court conditions and diligent commitment with treatment speaks volumes as to his rehabilitative outlook.

Starting in August of 2019 and continuing for months, Wesley Rodas began receiving phone calls and text communications from the victim in this matter attempting to speak to Mr. Rodas. Wesley Rodas identified himself and made it clear that Herbert Rodas could not respond. These texts were given to counsel who in turn forwarded them to the Government. It is significant to note that at no point did Herbert Rodas attempt to make contact with the victim. Instead, he fully complied with the no-contact order in this case.

## IV. SENTENCE RECOMMENDATION

Counsel for Mr. Rodas submit that the mandatory minimum sentence of 60 months to serve is more than sufficient to achieve the statutory purposes of 18 U.S.C. § 3553 (a). Despite the age differences in this case, this is not a case of a sexual predator luring an unsuspecting teen into deviant behavior. To the contrary, it is apparent that Mr. Rodas engaged in this illegal relationship from the naïve perspective of a virgin who had never been in a romantic relationship before. He made no attempt to hide his true identity - whether communicating with the victim or

---

[4] PSC ¶4

booking the hotel room.  His emotional reaction to her ending their relationship was consistent with his immaturity.  It should come as no surprise that according to the attached report by Myles Glatter,  Mr. Rodas has been determined to be a low risk to re-offend.

Contrary to the Government's position that Mr. Rodas has somehow engaged in victim blaming, his candid statements to both the arresting agents and Probation simply give context to how this relationship began and developed.  He never once denied the wrongfulness of his actions.

At the age of 24 and with no prior criminal history, Mr. Rodas will be paying a steep price for his actions, one that will follow him beyond midlife.  In addition to serving a prison sentence followed by supervised release, he will be required to register as a sex offender and will be subject to community notification for years to come.

The totality of circumstances in Mr. Rodas case make clear that his crimes were an aberration in an otherwise productive, law-abiding life.  His cooperative actions since his arrest demonstrate his commitment to capable of resuming a productive life and becoming the type of person he was raised to be.

## ATTACHEMENTS

      A.  Letter to the Court by Herbert Rodas.
      B.  Letters of Support.
      C.  Myles Glatter Report.
      D:  Photographs.

## V. CONCLUSION

Based on the foregoing, Mr. Rodas respectfully asks the Court to consider this information prior to imposing a sentence that is sufficient, but not greater than necessary to achieve the objective of 18 U.S.C. § 3553 (a).

Respectfully submitted on the 8th day of March 2021.

                Respectfully submitted by Defendant
                Herbert J. Rodas,
                By his Counsel

                /s/ John L. Larochelle
                Larochelle Law
                One Turks Head Place, Suite 1440
                Providence, Rhode Island 02903
                Phone: (401) 421-4407
                JL@LarochelleLaw.com

                /s/ John E. MacDonald
                Law Office of John E. MacDonald
                One Turks Head Place, Suite 1440
                Providence, Rhode Island 02903
                (401) 421-1440
                jm@jmaclaw.com

## CERTIFICATION

I hereby certify that on March 8, 2021 a true copy of this document was delivered electronically using the CM/ECF system which will send notification to all parties of record.

                /s/ John E. MacDonald
                Law Office of John E. MacDonald
                One Turks Head Place, Suite 1440
                Providence, Rhode Island 02903
                (401) 421-1440
                jm@jmaclaw.com